## HENRY C BAKER, INC v HOUSE, Admr, Etc

Ohio Appeals, 9th Dist, Summit Co

No 2229.   Decided Feb 9, 1934

Musser, Kimber & Huffman, Akron, and Ralph Wallace, Moorefield, for plaintiff in error.

O. H. Corvington, Akron, and Harry P. Weinberg, Cleveland, for defendant in error.

**OPINION**

By WASHBURN, PJ.

In the charge the trial court ignored the fact that said corporation had permission to operate said tractor and trailer with a total width of 10 feet along said highway, and charged that it would be guilty of negligence as a matter of law if, at the time of the collision, it was operating the same entirely upon and over the paved portion of the highway, thereby occupying a part of the highway beyond the center line of the paved portion of said highway. It is urged that in so charging the court committed error.

No authorities are cited for this contention, and we are unable to reach the conclusion that such permission relieved the corporation from its negligence in operating its tractor and trailer on the wrong side of the highway, even though the pavement was not wide enough for it to operate its outfit entirely on the right-hand side of the center line of the paved portion of said highway.

There was a berm of about 5 feet on the right-hand side of said pavement which was substantially level with the pavement and in good state of repair and along which said tractor and trailer could have been safely and conveniently operated without in any way trespassing upon the portion of said pavement to the left of the center line thereof, and there was no berm on that side of the pavement; indeed, the testimony on behalf of said corporation was to the effect that it was operating said tractor and trailer along and partly upon said berm.

We think that the trial court was right in determining that said permission did not give to said corporation the right to operate its tractor and trailer on the wrong side of the highway at that place and under the circumstances then existing.

Under the charge of the court it is evident that the jury found that said corporation was operating said tractor and trailer on the wrong side of the street, and it is contended that such finding is manifestly against the weight of the evidence.

A careful consideration of all the evidence in the record leads us to the conclusion that such finding by the jury is not manifestly against the weight of the evidence.

It is also contended that the evidence is such that the trial court should have found that House was guilty of contributory negligence as a matter of law, but we do not find that such contention is warranted, nor do we find that the finding of the jury that House was not guilty of contributory negligence is manifestly against the weight of the evidence.

We find no error to the prejudice of said corporation in the rulings of the court upon the admission of evidence or in the charge of the court.

Judgment affirmed.

FUNK and STEVENS, JJ, concur in judgment.